

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 30, 2021

**BY ECF**

The Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Frank Fontana, et al.*, 21 Cr. 371 (LTS)

Dear Judge Chief Judge Swain:

    Attached please find a proposed Protective Order for your Honor's consideration.  Defense counsel for both defendants have signed the proposed order.

                           Respectfully submitted,

                           AUDREY STRAUSS
                         United States Attorney

            By:         /s/
                       Jacob Gutwillig
                       Assistant United States Attorneys
                       (212) 637-2215

cc:    All Counsel (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Frank Fontana,<br>Michael Bestwina,<br><br>　　　　　　*Defendants.* | Protective Order 21 Cr. 371<br><br>**(LTS)** |

  Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

  1. **Confidential Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Confidential Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the defendants or their counsel that are either (1) designated as "Confidential" by the Government in emails or communications to defense counsel, or (2) marked as "Confidential," shall be deemed Confidential Material.

2. **Sensitive Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Material," contains sensitive information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and who will be subject to risk of harm absent the protective considerations set forth herein. The Government believes in good faith that such sensitive disclosure material should be reviewed by the defendants only in the presence of counsel. The Government further believes in good faith that the defendants should not maintain, retain, or keep copies of any records containing such sensitive disclosure material outside the presence of counsel. In the event that defense counsel disagrees about the Government's designation of material as sensitive disclosure material, counsel for the objecting party and the Government shall meet and confer in an effort to resolve such dispute. However, the Government's designation of material as Sensitive Material shall be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material designated as Confidential Material or Sensitive Material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Confidential Material or Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material or Sensitive Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by the defense to:

    (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) The defendant; and

    (d) Such other persons as hereafter may be authorized by the Court.

  5. Counsel may disclose Sensitive Material to the defendants only for the defendants' review in the presence of counsel for purposes of defending this case. The defendants shall not maintain, retain, or keep copies of any records containing Sensitive Material outside the presence of counsel. Counsel may otherwise disclose Sensitive Material only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses for purposes of defending this case.

  6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

  7. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Confidential Material or Sensitive Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material and Sensitive Material has been disclosed to which such persons.

  8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. However, Sensitive Material pertinent to any motion before the Court should initially be filed under seal,

absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

      9. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Confidential Material or Sensitive Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Confidential Material or Sensitive Material will be controlling absent contrary order of the Court.

      10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has searched and seized, or anticipates searching and seizing, pursuant to at least one warrant issued during the course of the investigation, including from at least one email account and cellphones. Some of this ESI was seized from the defendants. Upon the consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material (the "seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

11. Except for Confidential Material and Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later.  If Confidential Material or Sensitive Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

### Retention of Jurisdiction

13. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: JACOB GUTWILLIG
*Digitally signed by JACOB GUTWILLIG*
*Date: 2021.06.30 18:09:33 -04'00'*
_____     Date: 6/30/21
Jacob Gutwillig
Assistant United States Attorney

_____     Date: 6/23/21
Richard Collins, Esq.
Marc Gann, Esq.
Counsel for Michael Bestwina

_____     Date: _____
Anthony LaPinta, Esq.
Counsel for Frank Fontana

SO ORDERED:

Dated: New York, New York
       June ___, 2021

_____
HONORABLE LAURA TAYLOR SWAIN
CHIEF UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

6

**Retention of Jurisdiction**

13. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: _____
    Jacob Gutwillig
    Assistant United States Attorney


_____              Date: _____
Richard Collins, Esq.
Marc Gann, Esq.
Counsel for Michael Bestwina

_____              Date: _____6-30-2021_____
Anthony LaPinta, Esq.
Counsel for Frank Fontana


SO ORDERED:

Dated: New York, New York
       June 30, 2021

                                             /s/ Laura Taylor Swain
                                             _____
                                             HONORABLE LAURA TAYLOR SWAIN
                                             CHIEF UNITED STATES DISTRICT JUDGE
                                             SOUTHERN DISTRICT OF NEW YORK