L6O8FONC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   UNITED STATES OF AMERICA,
4               v.                          21 Cr. 371 (LTS)
5   FRANK FONTANA,
    MICHAEL BESTWINA,
6
                Defendants.                 Remote Conference
7
    ------------------------------x
8
                                            New York, N.Y.
9                                           June 24, 2021
                                            11:00 a.m.
10
    Before:
11
                    HON. LAURA TAYLOR SWAIN,
12
                                            District Judge
13
14                          APPEARANCES
15  AUDREY STRAUSS
         United States Attorney for the
16       Southern District of New York
    JACOB FIDDELMAN
17       Assistant United States Attorney
18  ANTHONY M. LaPINTA
         Attorney for Defendant Fontana
19
    COLLINS GANN McCLOSKEY & BARRY
20       Attorneys for Defendant Bestwina
    RICHARD D. COLLINS
21
22
23  Also present:   JASON E. FOY, Outgoing CJA Counsel
24
25

                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

L6O8FONC

1        (The Court and parties appearing via teleconference)
2        (Case called)
3        THE COURT:  Good morning.  I will first ask counsel to
4    state their appearances, beginning with counsel for the
5    government.
6        MR. FIDDELMAN:  This is Jacob Fiddelman for the United
7    States.  Good morning, your Honor.
8        THE COURT:  Good morning, Mr. Fiddelman.
9        Counsel for Mr. Fontana.
10        MR. LaPINTA:  Yes.  Good morning, Judge.  My name is
11    Anthony LaPinta.  I am appearing for Mr. Fontana.  We do
12    consent to this telephonic conference.
13        THE COURT:  Thank you.  Good morning, Mr. LaPinta.
14        And Mr. Fontana, are you on the line?
15        DEFENDANT FONTANA:  Yes, ma'am.
16        THE COURT:  Would you please just state your full name
17    so that the court reporter can hear your voice well?
18        DEFENDANT FONTANA:  Frank Fontana.
19        THE COURT:  Thank you, Mr. Fontana.
20        Counsel for Mr. Bestwina.
21        MR. COLLINS:  Good morning, your Honor.  It's Rick
22    Collins of Collins Gann McCloskey & Barry.  And I also agree to
23    this telephonic conference.
24        THE COURT:  Thank you.  Good morning, Mr. Collins.
25        Mr. Bestwina, are you on the line?

L6O8FONC

1      DEFENDANT BESTWINA:  Yes, ma'am, I am.

2      THE COURT:  Would you please state your full name so
3 that the court reporter can hear you well?

4      DEFENDANT BESTWINA:  Michael Bestwina.

5      THE COURT:  I will try to pronounce your name more
6 accurately.  Thank you very much for that.

7      Mr. Foy, who is the outgoing CJA attorney, are you on
8 line as well?

9      MR. FOY:  Yes.  May it please the Court, Jason Foy.  I
10 was appointed by the court at the presentment in this case.  I
11 am seeking to be relieved as counsel, your Honor.

12      THE COURT:  Thank you, Mr. Foy.  I am going to just do
13 a few of the procedural housekeeping preliminaries, and then I
14 will address your application.

15      I greet any family members, friends, other colleagues,
16 and members of the press and public who may be listening in.  I
17 remind everyone that this is a public proceeding and everyone
18 should mute their phones when they are not speaking, and those
19 who are on simply to listen in must keep their phones muted at
20 all times.

21      I also remind everyone that, as provided in the
22 Court's January 19, 2021 standing order, filed in Docket No.
23 21-MC-45, neither recording nor retransmission of any part of
24 this proceeding is permitted.

25      I will be calling on each speaker during the

L6O8FONC

conference.  Each time that you speak, please identify yourself by name for clarity of the record and for the benefit of all who are listening.  Please don't interrupt each other or me during the conference.  If we interrupt each other, it is difficult to create an accurate transcript of the conference.  But having said that, I apologize in advance for breaking this rule because I may interrupt if I have questions.  I will give the attorneys an opportunity to make additional comments or ask questions at the end of the conference, but if anyone has any difficulty hearing me or another participant, please say something right away.

We are in the midst of the COVID-19 pandemic.  I am conducting this telephonic conference pursuant to the authority provided by Section 15002 of the CARES Act and the standing orders issued pursuant to that act.

Mr. Foy, would you like to make your application now?

MR. FOY:  Yes, your Honor.

At this time, Mr. Bestwina has retained private counsel, and as appointed counsel, I am seeking to be relieved from my duties in this case.

THE COURT:  Thank you.

Mr. Bestwina, have you decided to retain private counsel to defend you instead of having court-appointed counsel?

DEFENDANT BESTWINA:  Yes, ma'am, I have.

1    THE COURT:  Would you state the names of your new
2 attorneys?
3    DEFENDANT BESTWINA:  Marc Gann and Rick Collins.
4    THE COURT:  Thank you.  And I note that Mr. Gann and
5 Mr. Collins have filed notices of appearance, and Mr. Collins
6 is on this conference now.
7    Mr. Bestwina, do you understand that the Court will
8 not be paying any fees incurred in connection with your
9 representation by Mr. Gann and Mr. Collins?
10    DEFENDANT BESTWINA:  Yes, I do.
11    THE COURT:  Do you wish me to relieve Mr. Foy of the
12 responsibility of representing you as court-appointed counsel?
13    DEFENDANT BESTWINA:  Yes, ma'am.
14    THE COURT:  Thank you.
15    The application is granted and the Court will file an
16 order indicating that Mr. Foy is relieved of his
17 responsibilities as court-appointed counsel in light of the
18 appearance of retained counsel.
19    Mr. Foy, thank you so very much for your work on this
20 case.
21    MR. FOY:  Thank you, your Honor.
22    THE COURT:  So now I would like to ascertain whether
23 the Rule 5(f) advice has been given in connection with both Mr.
24 Bestwina and Mr. Fontana.
25    Mr. Fiddelman, do you know whether Judge Cave made an

1  oral Rule 5(f) order during the proceeding on June 3rd?

2       MR. FIDDELMAN:  Your Honor, I do not know whether she
3  made an oral presentation pursuant to the rule, but I do know
4  that later that same day she entered a written Rule 5(f) order.
5  I would be happy to receive the warnings again from the Court,
6  if that's the Court's preference.

7       THE COURT:  I think just for the sake of completeness
8  I will do it orally.

9       So I must share some important information with you
10 all.  Federal Rule of Criminal Procedure 5(f) requires the
11 Court to remind the parties orally and in writing of the
12 prosecution's obligations under the Supreme Court's 1963 *Brady*
13 *v. Maryland* decision and the cases that have built upon that
14 decision, and of the possible consequences of violating those
15 obligations.

16      I hereby direct the government to comply with its
17 obligations under *Brady v. Maryland* and its progeny to disclose
18 to the defense all information, whether admissible or not, that
19 is favorable to the defendants, material either to guilt or to
20 punishment, and known to the government.  Possible consequences
21 for noncompliance may include dismissal of individual charges
22 or the entire case, exclusion of evidence, and professional
23 discipline or court sanctions on the attorneys responsible.
24 The Court notes that a written order more fully describing this
25 obligation and the possible consequences of failing to meet it

1   was filed on June 3, 2021, and I direct the government to
2   review and comply with that order.
3           Mr. Fiddelman, do you understand these obligations and
4   confirm that you have fulfilled or will fulfill them?
5           MR. FIDDELMAN:  Yes, your Honor.  Thank you.
6           THE COURT:  Thank you.
7           Am I correct in understanding that both of the
8   defendants have been arraigned on the indictment?
9           MR. FIDDELMAN:  That is correct.  Both defendants have
10  entered pleas of not guilty.
11          THE COURT:  Thank you.
12          So, Mr. Fiddelman, would you please give us a status
13  report.
14          MR. FIDDELMAN:  Yes, your Honor.
15          The government is currently in the process of
16  gathering discovery to produce Rule 16 materials to the
17  defense.  That discovery consists of law enforcement reports,
18  surveillance footage, lab test results, search warrant returns
19  from e-mail accounts, as well as physical and photographic
20  evidence and financial information.  A search by Mr. Fontana's
21  house was conducted, and so there are physical items that were
22  seized.
23          In addition, cell phones were seized, but the
24  government has not yet gained access to their contents, and so
25  that information, the contents of those phones, is not yet in

1    the government's possession.
2              We would ask for three weeks to complete production of
3    discovery materials.
4              THE COURT:  Will you make discovery on a rolling basis
5    over those three weeks?
6              MR. FIDDELMAN:  We will endeavor to do so, yes.
7              THE COURT:  Have you spoken to defense counsel
8    regarding the period of time that they will need to review the
9    discovery material before we return for another conference?
10             MR. FIDDELMAN:  Your Honor, I have not specifically
11   discussed it with them, but the government would be happy to
12   defer to defense counsel's preference on how long they would
13   like to review those materials.
14             THE COURT:  Thank you.
15             Before I turn to defense counsel, are there any
16   post-arrest statements or other categories of discovery
17   information that you haven't listed?
18             MR. FIDDELMAN:  There are no post-arrest statements in
19   this case.  As far as I am aware, we have identified the
20   complete list of general categories.
21             THE COURT:  Thank you.
22             Mr. LaPinta, would you like to be heard on the period
23   for discovery and then period for review of discovery?
24             MR. LaPINTA:  Yes, your Honor.
25             Let me state to the Court that I have had a few

L6O8FONC

1  conversations with AUSA Gutwillig.  He explained to me
2  generally the scope of this investigation, some particular
3  details, the search warrant involved.  I would request four
4  weeks to review the material, also because I am going to be
5  away on vacation for two weeks in July as well.  So I would ask
6  the Court to consider a four-week adjournment, if possible.
7              THE COURT:  Thank you.
8              Mr. Collins.
9              MR. COLLINS:  That sounds perfectly reasonable.  Four
10 weeks seems like a perfect amount of time.  Thank you.
11             THE COURT:  Thank you.
12             So we would be looking at coming back in the seven- to
13 eight-week timetable, depending on what is available on my
14 calendar.
15             Ms. Ng, would you have a look at our calendar and tell
16 us what is available.
17             THE DEPUTY CLERK:  Yes, Judge.
18             Wednesday, August 11, 2021, at 10 a.m.
19             THE COURT:  Is everyone available on Wednesday, August
20 11, at 10?
21             MR. COLLINS:  I am not available on that day.  I am
22 actually traveling on a plane so I would not be able to be on
23 that.
24             THE COURT:  When are you available in that general
25 time frame, what days?

1  MR. COLLINS:  Would it be possible to do the following
2  week, the 18th of August, also a Wednesday?
3  THE DEPUTY CLERK:  You have a possible PR hearing that
4  day on the 18th.  We can do it on the 17th at 10 a.m.
5  THE COURT:  Is everyone available on Tuesday the 17th
6  at 10 a.m.?
7  MR. COLLINS:  I am.
8  MR. LaPINTA:  Your Honor, would that be a telephonic
9  conference or an in-person conference?
10  THE COURT:  Assuming the CARES Act authorization is
11  still in place, as I expect it will be, it can be telephonic or
12  in person.  So it depends on what is requested.
13  MR. LaPINTA:  That date is fine for me as well.
14  THE COURT:  Very well.
15  Does the 17th work for the government as well?
16  MR. FIDDELMAN:  Yes, it does.  Thank you.
17  THE COURT:  I would ask that you all consult with each
18  other and let me know whether you are requesting in person or
19  telephonic by the Monday of the week before, so that would be
20  by August 9th.  All right?
21  MR. LaPINTA:  Is there any way we can discuss it now
22  and make that a condition at this juncture, or not?
23  THE COURT:  Are you requesting that this be done
24  telephonically?
25  MR. LaPINTA:  I would make that request, yes, for a

1    number of reasons.
2           MR. COLLINS: I would join in that as well for Mr.
3    Bestwina.
4           THE COURT: Mr. Fiddelman, any opposition?
5           MR. FIDDELMAN: None at all, your Honor. The
6    government is happy to proceed however defense counsel prefers.
7           THE COURT: Very well. Then we will put it down as a
8    telephonic conference on Tuesday, the 17th of August, at 10
9    a.m.
10          Is there a request for exclusion from speedy trial
11   computations of the time from now until August 17?
12          MR. FIDDELMAN: Yes, your Honor.
13          The government requests the exclusion of time under
14   the Speedy Trial Act in the interests of justice. Those
15   interests do outweigh the interest of the defendant and the
16   public in a speedy trial because the continuance is designed to
17   allow the parties to produce and review discovery, to ensure
18   the effective representation of defense counsel by giving them
19   enough time to review the materials in a meaningful way, to
20   allow the parties to discuss a potential pretrial resolution,
21   and lastly, to reflect the limited availability of jury trials
22   in the district at the moment in light of the COVID-19
23   pandemic.
24          THE COURT: Is there any objection to the exclusion
25   request, Mr. LaPinta?

1       MR. LaPINTA:  No objection, your Honor.  I advised my
2  client of his right to a speedy trial.  He is aware of that
3  right and he is willing to voluntarily waive that right.
4       THE COURT:  Mr. Collins, any objection?
5       MR. COLLINS:  No objection at all.
6       THE COURT:  Thank you.
7       The request is granted.  I find for the reasons
8  summarized by Mr. Fiddelman that the ends of justice served by
9  the granting of an exclusion from speedy trial computations for
10 the period from today's date through August 17, 2021 outweigh
11 the best interests of the public and each of the defendants in
12 a speedy trial.  Accordingly, the time period is excluded
13 prospectively.
14      Counsel, is there anything further that we need to
15 address this afternoon?
16      Mr. LaPinta.
17      MR. LaPINTA:  No, thank you, your Honor.
18      THE COURT:  Mr. Collins.
19      MR. COLLINS:  Nothing further.  Thank you, Judge.
20      THE COURT:  Mr. Fiddelman.
21      MR. FIDDELMAN:  No, your Honor.  Thank you.
22      THE COURT:  Thank you, all.  Stay safe and keep well,
23 and I will look forward to speaking with you again on August
24 17.  We are adjourned.
25      (Adjourned)